IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

**v.**

NARCISO BRUNO-FIGUEROA,

**Defendant.**

**Criminal No.** 14-513 (FAB)

**MEMORANDUM & ORDER**

BESOSA, District Judge.

Before the Court is the United States's motion to (1) preclude defendant Narciso Bruno-Figueroa from mentioning, referring to, or attempting to convey to the jury that the surveillance system installed at the General Post Office ("GPO") was tampered with following the events giving rise to the criminal activity charged in this case, and (2) present evidence of defendant Bruno's prior arrests if Bruno raises self-defense. (Docket No. 30.) Defendant Bruno did not oppose this motion. For the reasons articulated below, the Court **DENIES** the government's motion.

**I.   Motion to Preclude Implications of CCTV Tampering**

The indictment in this case accuses defendant Bruno of assaulting a federal officer — Postal Police Sergeant Eduardo Colon — on August 18, 2014 around 11:00 a.m. (Docket No. 8.) The government contends that on August 17, 2014, there was a power shutdown at the GPO. As a result, the GPO's Closed Circuit

Television ("CCTV") surveillance system was not operational between August 17 and  August 20, 2014.  (Docket No. 30 at p. 2.)  To bolster this allegation, the government provides an email sent by Sergeant Colon at 5:24 a.m. on August 18, 2014, advising co-workers that the CCTV system never recovered and "it is down."  (Docket No. 30-1.)   The government also offers an "investigative memorandum" prepared by the United States Post Office Inspection Service indicating that the electrical shutdown at GPO caused the CCTV to be out of service from August 18 until August 20, 2014. (Docket No. 30-1.)  The government argues that any suggestion that the CCTV system was tampered with after the altercation between defendant Bruno and Sergeant Colon would be baseless, irrelevant, and misleading to the jury.  (Docket No. 30 at p. 3.)

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.  "In balancing the scales of Rule 403, it is important to note that only 'unfair' prejudice is to be avoided, as 'by design, all evidence is meant to be prejudicial.'" United States v. Morales-Aldahondo, 524 F.3d 115, 119 (1st Cir. 2008) (quoting United States v. Varoudakis, 233 F.3d 113, 122 (1st Cir. 2000)).  "Evidence is generally deemed unfairly

prejudicial if it has an undue tendency to prompt a decision by the factfinder on an improper basis." United States v. Benedetti, 433 F.3d 111, 118 (1st Cir. 2005).

Here, defendant Bruno is guaranteed "a meaningful opportunity to present a complete defense," Holmes v. South Carolina, 547 U.S. 319, 324 (2006)(internal quotations and citation omitted), which includes his right to impeach the credibility of witnesses against him, United States v. Tracey, 675 F.2d 433, 437 (1st Cir. 1982) (citing Davis v. Alaska, 415 U.S. 308, 315-16 (1974)). Should Bruno choose to present evidence or argument suggesting that the GPO's CCTV surveillance system was tampered with after he allegedly assaulted Sergeant Colon, such evidence or argument would be relevant to the jury's determination of (1) the government witnesses' credibility and (2) whether Bruno acted in self-defense. Further, the Court sees no risk that evidence or argument regarding surveillance system tampering would result in unfair prejudice, or prompt the jury to base its decisions on an improper basis. While there is some risk that the evidence or argument could confuse the jury, the risk is marginal and does not substantially outweigh the evidence's probative value. Accordingly, the Court **DENIES**

government's motion to preclude defendant Bruno from making any implications that the GPO's CCTV system was tampered with.[1]

## II. Motion to Include Evidence of Defendant's Prior Bad Acts

Next, to the extent defendant Bruno asserts that Sergeant Colon was the first aggressor and that Bruno thus acted in self-defense, the government seeks leave pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") to present evidence of (1) Bruno's 1992 arrest for threatening another individual with a 40-ounce beer bottle, and (2) Bruno's 2008 arrest for making death threats against his former consensual partner.  (Docket No. 30 at p. 3.)

Rule 404(b) prohibits "[e]vidence of a crime, wrong or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Evidence of prior bad acts may be admissible, however, for non-propensity purposes.  Fed. R. Evid. 404(b)(2).  The Court uses a two-part test to determine the admissibility of Rule 404(b) evidence.  United States v. Almeida, 748 F.3d 41, 51 (1st Cir. 2014) (citing United States v. Appolon, 715 F.3d 362, 373 (1st Cir. 2013)).  First, the Court assesses "whether the proffered evidence has 'special relevance, such as proving motive, opportunity, intent, preparation, plan, knowledge,

---

[1]The Court, of course, may rule inadmissible certain evidence or arguments offered at trial depending on the context and circumstances that arise. If defendant intends to present evidence regarding CCTV system tampering, he shall notify the Court of his intention to do so and of his good faith basis.

identity, absence of mistake, or lack of accident." <u>Appolon</u>, 715
F.3d at 372-73 (internal citation and quotation marks omitted). If
it does, the Court applies "Rule 403 to ascertain whether the
evidence's probative value is substantially outweighed by the
danger of unfair prejudice." <u>Id.</u> at 373.

The government argues that Bruno's prior arrests for violent
acts are specially relevant to his motive and absence of mistake in
striking Sergeant Colon and threatening to kill him. <u>Id.</u> at 4
(citing <u>United States v. Steele</u>, 550 F.3d 693, 701 (8th Cir. 2008)
("Evidence that rebuts a claim of self defense is admissible under
Rule 404(b) if it shows an absence of mistake or accident.")) Self
-defense, however, does not implicate the defendant's motive or
absence of mistake. Self-defense is a legal justification that
excuses an otherwise criminal act. To establish self-defense, a
defendant must show by a preponderance of evidence (1) that he
acted under an unlawful and immediate threat that would provoke a
well-grounded apprehension of serious bodily injury or death;
(2) that he did not recklessly or negligently place himself in such
a situation; (3) that he had no reasonable, legal alternative to
the criminal act; and (4) that he committed the crime only because
of the threat. <u>Judge Hornby's 2013 Revisions to the Pattern
Criminal Jury Instructions for the District Courts of the First
Circuit</u> § 5.04. The standard is an objective one, and it does not

call into question the defendant's subjective motive or absence of mistake.

Bruno's motive or absence of mistake has no bearing on whether Sergeant Colon was the first aggressor or whether Bruno acted in self-defense.   The Rule 404(b) acts offered by the government therefore serve only as propensity evidence tending to show that because Bruno acted violently in the past, he acted in accordance with his violent character on this occasion.  This use of bad acts evidence is precisely what the federal rules of evidence prohibit.[2] Accordingly, the Court **DENIES** the government's motion to present evidence of Bruno's prior bad acts pursuant to Rule 404(b).

## III. Conclusion

For the reasons articulated above, the Court **DENIES** the government's motion *in limine*.  (Docket No. 30.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 7, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[2] Because the government fails to persuade the Court of the evidence's non-propensity "special relevance" under the first part of the test, the Court does not proceed to assess the evidence pursuant to Rule 403.